J-S05009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH DOUGLAS CLARK, III | : | |
| | : | |
| Appellant | : | No. 1071 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 22, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0004921-2020

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED MARCH 31, 2022**

Kenneth D. Clark, III appeals *pro se* from his judgment of sentence for aggravated assault and possessing an instrument of crime ("PIC"). The trial court directed Clark to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, but Clark did not comply. We therefore find Clark has waived his issues on appeal, and affirm his judgment of sentence.

Clark was arrested and charged with one count of aggravated assault and one count of PIC based on an incident that occurred on October 21, 2020. On that date, Clark approached Harry Vidro, Nancy Vidro-Perez and Vidro-Perez's three year-old son on the porch of their home, asked for a lighter, and became agitated and aggressive when he was told they did not have a lighter. Clark and Vidro started to fight, and Clark stabbed Vidro twice in the abdomen. Vidro was transported to the hospital for surgery, and later identified Clark as

the person who stabbed him. Clark was interviewed and admitted he had gotten into a fight with a man he did not know, though he denied stabbing him.

The case proceeded to a jury trial. As the Commonwealth's first witness was being sworn in, Clark became agitated and started speaking out, flailing his hands and spewing profanities. The jury was removed from the courtroom. Clark continued to yell profanities and direct racial slurs to the court, and he repeatedly demanded to be taken back to his jail cell. Clark was ultimately removed from the courtroom and the trial proceeded in his absence.

The following day, the court made arrangements for Clark to be transported to the courthouse after counsel represented to the court that Clark may wish to testify at trial. After being transported, Clark:

> began banging uncontrollably in the holding cell. When sheriff's deputies attempted to escort [Clark] to the courtroom, he began yelling and cursing at the deputies, grabbing at them, challenging them to a fight, flailing around, kicking the cell door, and not cooperating at all. It took five deputies to carry [Clark] from the cell to a transport van as they were trying to bring him to the courtroom. The deputy concluded there was 'zero chance' that [Clark] would sit through the proceedings and he was a security risk because there was likely to be an altercation in the courtroom. The court then decided to proceed in [Clark]'s absence.

Trial Court Opinion, 10/19/21, at 18-19 (citations to notes of testimony omitted).

The jury convicted Clark of both the aggravated assault and the PIC count. The court ordered a pre-sentence investigation, and subsequently sentenced Clark to an aggregate term of 12½ to 25 years' imprisonment. After

the court imposed the sentence, Clark stated he wished to represent himself on appeal. The court held a *Grazier*[1] hearing, and found Clark had entered a valid waiver of his right to counsel on appeal and could proceed *pro se*.

Clark filed a timely post-sentence motion, which the court denied. Clark then filed a notice of appeal to this Court. The trial court ordered Clark to file a 1925(b) statement.[2] Instead of filing a 1925(b) statement, Clark filed a "motion for extension," requesting additional time for his appeal process. He contended he did not have time to file a proper appeal, primarily because of the strict quarantine procedures at SCI facilities due to COVID-19. The court denied the motion, explaining:

> [The court] may enlarge the time period initially specified [for filing a 1925(b) statement] '[u]pon application of the appellant and for good cause shown.' Pa.R.A.P. 1925(b)(2)(i). However, [Clark] has failed to show good cause for an enlargement of time to file his Statement. [Clark] does not adequately explain how he has been prevented from filing a timely Statement, nor does he identify any breakdown in the court process. To the contrary, [Clark] was able to timely prepare and file a request for an extension of time, which shows there has been no breakdown of the process. The Statement does not require a legal brief or citation to the authorities or to the record. **See** Pa.R.A.P. 1925(b)(4). Furthermore, [Clark] has already identified in his post-sentence motion and notice of appeal certain errors he intend[ed] to assert on appeal, which could have been contained in a timely Statement.

---

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[2] The trial court's original order directing Clark to file a 1925(b) statement, entered August 11, 2021, was sent to the SCI facility at which Clark had formerly been incarcerated. A second order, entered September 13, 2021, was sent to Clark at SCI Camp Hill, where Clark was incarcerated. The order gave Clark a new deadline to file the 1925(b) statement of October 4, 2021.

Trial Court Opinion, 10/19/21, at 9 (footnote omitted). The court also noted in its order denying Clark's motion for extension that it had confirmed Clark has "remained at SCI Camp Hill since August 4, 2021, he is not on any quarantine restrictions, and he does have access to the law library." Order, 10/18/21, at 1 n.1.

Despite the denial of this motion, Clark did not file a timely 1925(b) statement. In fact, the docket does not reflect that Clark ever filed the court-ordered 1925(b) statement. Accordingly, the trial court, in its 1925(a) opinion, urged this Court to find Clark's issues waived in light of his failure to file the 1925(b) statement.

We agree we must find that Clark's issues on appeal are waived. "In **Commonwealth v. Lord,** 553 Pa. 415, 420, 719 A.2d 306, 309 (1998), our Supreme Court held that in order to preserve claims for appellate review, an appellant must comply with a trial court order to file a Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b)." **In re L.M**., 923 A.2d 505, 509 (Pa. Super. 2007); **see also Commonwealth v. Carr,** 227 A.3d 11, 18 (Pa. Super. 2020) (observing that appellants must comply with a trial court's order to file a 1925(b) statement in order to preserve their claims for appellate review, and any issues not raised in a 1925(b) statement will generally be deemed waived). Clark did not comply with the court's order to file a 1925(b) statement here. Further, as Clark was *pro se* when directed to file his 1925(b) statement, he does not benefit from the procedure outlined in

- 4 -

Pa.R.A.P. 1925(c)(3) (providing for remand where Court is convinced *counsel* has been ineffective for failing to file a 1925(b) statement). In his appellate brief, Clark does not address or try to explain his failure to file a 1925(b) statement in any way, and we are therefore constrained to find that Clark has waived his issues on appeal.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/31/2022

---

[3] We note that, although the trial court found Clark had waived his issues by failing to file a 1925(b) statement, the court nonetheless went on to thoroughly explain why it had not erred by removing Clark from the courtroom due to his "abusive verbal tirade, contemptuous demeanor and aggressive behavior," Trial Court Opinion, 10/19/21, at 18, why that removal did not unconstitutionally prevent Clark from testifying, and why it had not abused its discretion when sentencing Clark.